```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA       :
                               :
     v.                        :  No. 4:CR-04-332
                               :
                               :  (Judge Muir)
                               :
MICHAEL J. BLOOM               :
```

ORDER

May 23, 2005

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On January 22, 2004, an Indictment was returned by a Federal Grand Jury charging Michael J. Bloom and 14 others with conspiracy to possess with intent to distribute in excess of 100 grams of heroin.  That case was assigned Docket No. 4:04-CR-026.

On October 7, 2004, an Information was filed to Docket No. 4:CR-04-332 charging Bloom with Use of a Communication Facility to Facilitate Drug Felonies.  On October 13, 2004, Bloom entered a plea of guilty to the Information.  The plea of guilty was entered pursuant to a plea agreement which provided, inter alia, that Bloom was responsible for at least 10 grams but less than 20 grams of heroin and that at the time of sentencing the Government would move for the dismissal of the charges filed against him in case number 4:CR-04-026.

A presentence report and addendum thereto were prepared and submitted to the court on March 7, 2005. Probation Officer Drew Thompson determined that the total offense level is 13, the criminal history category is I and the advisory guideline

imprisonment range is 12 to 18 months.

A presentence conference was held on March 9, 2005, attended by assistant United States attorney Rocktashel, defense counsel Zeigler and Probation Officer Thompson at which time counsel reported that there were no objections to the presentence report.  However, attorney Zeigler recommended that the court impose a sentence of probation in light of Bloom's extraordinary physical impairments.  In light of that assertion, we directed attorney Zeigler to obtain and provide us with a statement from Bloom's physician by March 23, 2005, detailing Bloom's physical impairments.  The Court also scheduled sentencing for April 1, 2005, at 4:15 p.m. and noted that Bloom would not have to report for service of any sentence of imprisonment imposed until 3 weeks after the imposition of the sentence.

Shortly after the conclusion of the presentence conference, the Court reviewed the case and determined that certain additional steps should be taken before sentence is imposed in this case.

By order of March 9, 2005, we required Bloom to file a motion for downward departure pursuant to U.S.S.G. § 5H1.4 which states in relevant part that "[p]hysical condition or appearance, including physique, is not ordinary relevant in determining whether a departure may be warranted.  However, an extraordinary physical impairment may be reason to depart downward; e.g., in the case of a seriously infirm defendant, home detention may be as efficient as, and less costly than, imprisonment."

2

We further stated in our order of March 9th that once we determined whether or not a such departure is warranted, Bloom may still argue that a sentence of probation is reasonable in light of all of the 18 U.S.C. § 3553 factors that the court is required to consider under United States v. Booker, 125 S.Ct. 738 (Jan. 12, 2005).

On April 2, 2005, Bloom filed a medical appraisal from his treating physician.  On April 15, 2005, Bloom filed a motion for downward departure pursuant to U.S.S.G. § 5H1.4.  On May 2, 2005, the Government filed a brief in opposition.  The motion became ripe for disposition on May 19, 2005, when Bloom elected not to file a reply brief.

As noted above, the total offense level as calculated by the Probation Officer is 13 and the guideline imprisonment range is 12 to 18 months.  However, on May 20, 2005, the Government and Bloom filed a stipulation which reduced Bloom's total offense level by 2 levels because he was a minor participant in the criminal activity.  That reduction results in a guideline imprisonment range of 8 to 14 months.

We have the authority under § 5H1.4 of the Guidelines to depart downward for extraordinary physical impairments.  The letter from James W. Redka, M.D., Bloom's physician states in relevant part as follows:

> Michael Bloom is a patient here at Cornerstone Family
> Health.  It is medically unacceptable for him to be
> placed in a correctional facility due to a number of
> medical problems requiring very frequent medical
> visits and reevaluations as well as numerous chronic

    medications.

    He has had severe disabling back pain for a number of years.  This has required gradual escalation of pain medication, including at the present time quite a large dose of narcotics in the form of OxyContin with breakthrough pain treated with only partial success with Percocet.  He has been evaluated by several pain centers and neurosurgery, and there is no apparent ability to help him resolve this problem without the use of chronic narcotics.

    In addition, he has developed some imflammatory arthritis of both his legs, and then some chronic cellulitis with abscess formation off and on in both his feet.  He has venous insufficiency as well.  This leaves him with continually swollen legs which can only be partially helped with elevation of his legs most of the time.

    His other disorders, including hypertension, edema, morbid obesity, prolonged depression, and sleep disturbance, could be accommodated in the correctional facility.

    The patient does see me on a monthly or bimonthly basis to reevaluate and re-prescribe his medication. . . .

    Mr. Bloom is a very large man at 6 feet 8 inches tall, and weighs 355 lbs.  This has also resulted in him having sleep apnea syndrome, for which he benefits from a CPAP machine.

    The patient has limited mobility and a difficult ambulatory gait.  He has a limited ability to stand or sit in any one position for any length of time. . . . .
    I do believe that incarcerating Mr. Bloom would be unwise, in particular because of his required use of narcotic analgesics, as well as his very severe leg infections.   . . . .

The Government in its brief in opposition did not contest the opinion expressed by Dr. Redka regarding the severity of Bloom's physical impairments.  The Government argues, however, that it

would not be fair to depart based on § 5H1.4 because "[o]ther co-defendants in this case had been incarcerated and suffered with equally serious if not more serious physical infirmities than defendant Bloom." Doc. 21, Government's Brief In Opposition, page 1.

In order for physical impairment to be relevant under U.S.S.G. § 5H1.4 they must be extraordinary. See United States v. Sweeting, 213 F.3d 95, 100-101 (3d Cir. 2000). We are not convinced that Bloom's physical impairments are so extraordinary as to warrant a departure under § 5H1.4. We will, however, consider Bloom's physical impairments under 18 U.S.C. § 3553 when imposing sentence.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. Bloom's motion for downward departure pursuant to U.S.S.G. § 5H1.4 is denied.

2. Bloom's guideline imprisonment range is 8 to 14 months.

3. Sentence will be imposed on Bloom in Courtroom No. 1, Williamsport, Pennsylvania, on June 13, 2005, at 2:30 p.m.

s/Malcolm Muir
_____
MUIR, U.S. District Judge

MM:gs